LYNCH, Circuit Judge,
concurring.
A trial judge may grant a new trial only “if the interest of justice so requires.” Fed.R.Crim.P. 33(a). The power is used sparingly. But it may be triggered by a myriad of circumstances. Rule 33 wisely does not attempt to characterize those circumstances so as to limit a trial judge’s authority to rule on a timely motion for a new trial.
Here, the trial judge concluded that the jury may well have been diverted from its task of determining whether the government had proven beyond a reasonable doubt each of the elements of the charged offenses. United States v. Carpenter, 405 F.Supp.2d 85, 102 (D.Mass.2005). The judge found that the government’s case was not so strong that it could confidently be said that the repeated gambling references had no illegitimate effect on the verdict. Id. at 103. The court held that because it was possible that the government’s closing arguments tainted the jury’s verdict, the verdict could not be allowed to stand. In that context, the district court called the government’s closing arguments “improper.” Id.
The trial judge implicitly ruled that defendant had sufficiently preserved his objection to the gambling metaphor so that he was not required to take the unusual step of interrupting the government’s closing argument. An appellate court is not entitled to second guess that conclusion, which was certainly not an abuse of discretion. The trial judge recognized that there was a point at which the relevance of the large losses produced by risky trading was outweighed by the danger of distracting the jury from focused consideration of the actual charges. That grey zone was never well defined throughout the trial, and its demarcation points were not clarified before the closing arguments, despite the granting of a continuing objection. Perhaps both sides should have sought clarification before the closing arguments.
In my view, the real issue is not whether one side acted “improperly.” It is the potential effect of this situation on the jury which matters. The experienced trial judge, who sat through the trial and the closing, concluded that the balance had tipped too far within that grey zone and that the interest of justice required a new trial.
Given that the trial judge lacked confidence that the verdict was based on proper considerations, and given the context in which the trial judge ruled, an appellate judge cannot say that the trial judge’s conclusion was unreasonable. Indeed, the decision to grant a new trial does not even approach being an abuse of discretion.